IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:12-CR-88 |
| v. | ) |
| | ) |
| DANTE LEE REYNOLDS, | ) |
| | ) By: Hon. Michael F. Urbanski |
| Defendant | ) United States District Judge |

## MEMORANDUM OPINION

Pending before the court is a motion filed by defendant Dante Lee Reynolds for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Amendment 782. ECF No. 84. However, because Reynolds' guidelines sentence was based on his status as a career offender, he is not entitled to relief under Amendment 782. Accordingly, the court **DENIES** Reynolds' request for relief.

On February 8, 2013, Reynolds entered into a plea agreement in which he pled guilty to one count of possessing with intent to distribute and distributing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The maximum statutory penalty for the offense was 20 years plus a term of supervised release of at least three years. Plea Agreement, ECF No. 39, ¶ 1. As part of the plea agreement, Reynolds stipulated to at least 16.8 grams but less than 22.4 grams of cocaine base. Id. ¶ 2.

According to the Presentence Investigation Report (PSR), his offense level based on the drug amount was 22. PSR, ECF No. 78, ¶ 11. However, Reynolds had at least two prior felony convictions for either a crime of violence or a controlled substance offense and was

classified as a career offender under the guidelines. Id. ¶ 17. His status as a career offender along with his offense statutory maximum of 20 years gave him a base offense level of 32, decreased by 3 points for acceptance of responsibility, for a total offense level of 29. PSR, ECF No. 78, ¶¶ 18-20; U.S.S.G. § 4B1.1(b)(3). His total offense level of 29 coupled with his criminal history score of VI, also based on his status as a career offender, gave him a guidelines range of 151 to 188 months. Id. ¶ 69. On August 30, 2013, Reynolds was sentenced to a term of 151 months. J., ECF No. 59.

Amendment 782 to the United States Sentencing Guidelines reduced by two levels the base offense levels applicable to drug offenses under § 2D1.1 of the guidelines. Reynolds argues that if he were sentenced for the same amount of cocaine base today, his offense level based on drug quantity would be 20 under Amendment 782. While this is correct, he was not sentenced based on drug quantity guideline U.S.S.G. § 2D1.1, but rather on his status as a career offender under U.S.S.G. § 4B1.1. Reynolds asserts that his previous base offense level of 22 was increased to 32 based on his status as a career offender, and that if the starting point for his guidelines was 20, his offense level would increase to 30 rather than 32, resulting in a lower guidelines range.

However, Reynolds misreads the guidelines. When a defendant qualifies as a career offender under U.S.S.G. § 4B1.1(a), the offense level calculation is based on the statutory maximum sentence to which he is subject. U.S.S.G. § 4B1.1(b). If the base offense level under U.S.S.G. § 4B1.1(b) is greater than "the offense level otherwise applicable," the offense level from U.S.S.G. § 4B1.1(b) applies. In other words, the offense level is based either on drug quantity or on a defendant's status as a career offender, whichever is greater.

2

Reynolds' sentence was based on his status as a career offender. Because his statutory maximum sentence continues to be 20 years, his offense level continues to be 32 under U.S.S.G. § 4B1.1(b)(3).

"A district court may reduce a term of imprisonment if a defendant's Guidelines range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with applicable policy statements." United States v. Nickens, 668 F. App'x 20, 21 (4th Cir. 2016) (per curiam) (citing 18 U.S.C. § 3582(c)(2) (2012)). A reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if an amendment listed in U.S.S.G. § 1B1.10(d) does not have the effect of lowering the defendant's applicable guideline range. Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)). "To determine whether a particular amendment has that effect, the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other guideline application decisions unaffected.'" United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (quoting USSG § 1B1.10(b)(1)).

In Reynold's case, Amendment 782 does not have the effect of lowering his applicable guidelines range because his offense level is based on his status as a career offender. Accordingly, the court is without authority to lower his sentence, and Reynold's motion to reduce his sentence must be **DENIED**.

It is so **ORDERED**.

Entered: 11/23/2021

Michael F. Urbanski
Chief United States District Judge